Law Offices
# KRAMON & GRAHAM, P. A.
One South Street
Suite 2600
Baltimore, Maryland 21202-3201

Telephone: (410) 752-6030
Facsimile: (410) 539-1269

www.kramonandgraham.com

John A. Bourgeois
Direct Dial
(410) 347-7408

Also Admitted in DC

E-Mail
jbourgeois@kg-law.com
Direct Facsimile
(410) 361-8204

January 16, 2015

**BY HAND-DELIVERY**

Frank M. Conaway, Clerk
Circuit Court for Baltimore City
111 N. Calvert Street, Room 462
Baltimore, Maryland 21202

    Re: *Damond T. Durant, Jr. v. Damond T. Durant, Sr.*

Dear Mr. Conaway:

    Enclosed please find an original and copy of Plaintiff Damond T. Durant Jr.'s Complaint, Motion for Waiver of Prepayment of Costs and Fees, and Request for Service of Process by Sheriff. Please date-stamp the copy and return it to the waiting messenger for my file.

Sincerely,

*[signature]*

John A. Bourgeois

Enclosures

14533/0/01748963.DOCXv1

Circuit Court for Baltimore City
City or County

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

**DIRECTIONS:**
Plaintiff: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a). A copy must be included for each defendant to be served.
Defendant: You must file an Information Report as required by Rule 2-323(h).
*THIS INFORMATION REPORT CANNOT BE ACCEPTED AS AN ANSWER OR RESPONSE.*

FORM FILED BY: [X] PLAINTIFF [ ] DEFENDANT   CASE NUMBER _____ (Clerk to insert)

CASE NAME: Damond Durant, Jr.   vs.   Damond Durant, Sr.
              Plaintiff                     Defendant

JURY DEMAND: [X] Yes [ ] No   Anticipated length of trial: ____ hours or __1__ days
RELATED CASE PENDING? [ ] Yes [X] No   If yes, Case #(s), if known: _____

Special Requirements? [ ] Interpreter (Please attach Form CC-DC 41)
[ ] ADA accommodation (Please attach Form CC-DC 49)

### NATURE OF ACTION (CHECK ONE BOX)

**TORTS**
- [ ] Motor Tort
- [ ] Premises Liability
- [ ] Assault & Battery
- [ ] Product Liability
- [ ] Professional Malpractice
- [ ] Wrongful Death
- [ ] Business & Commercial
- [ ] Libel & Slander
- [ ] False Arrest/Imprisonment
- [ ] Nuisance
- [ ] Toxic Torts
- [X] Fraud
- [ ] Malicious Prosecution
- [ ] Lead Paint
- [ ] Asbestos
- [ ] Other _____

**LABOR**
- [ ] Workers' Comp.
- [ ] Wrongful Discharge
- [ ] EEO
- [ ] Other _____

**CONTRACTS**
- [ ] Insurance
- [ ] Confessed Judgment
- [ ] Other _____

**REAL PROPERTY**
- [ ] Judicial Sale
- [ ] Condemnation
- [ ] Landlord Tenant
- [ ] Other _____

**OTHER**
- [ ] Civil Rights
- [ ] Environmental
- [ ] ADA
- [ ] Other _____

### DAMAGES/RELIEF

**A. TORTS**
Actual Damages
- [ ] Under $7,500
- [ ] $7,500 - $50,000
- [ ] $50,000 - $100,000
- [X] Over $100,000

- [ ] Medical Bills $ _____
- [ ] Property Damages $ _____
- [ ] Wage Loss $ _____

**B. CONTRACTS**
- [ ] Under $10,000
- [ ] $10,000 - $20,000
- [ ] Over $20,0000

**C. NONMONETARY**
- [ ] Declaratory Judgment
- [ ] Injunction
- [ ] Other _____

### ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)
- A. Mediation [ ] Yes [X] No
- B. Arbitration [ ] Yes [X] No
- C. Settlement Conference [ ] Yes [X] No
- D. Neutral Evaluation [ ] Yes [X] No

### TRACK REQUEST

With the exception of Baltimore County and Baltimore City, please fill in the estimated LENGTH OF TRIAL. *THIS CASE WILL THEN BE TRACKED ACCORDINGLY.*
- [ ] 1/2 day of trial or less
- [ ] 1 day of trial time
- [ ] 2 days of trial time
- [ ] 3 days of trial time
- [ ] More than 3 days of trial time

PLEASE SEE PAGE TWO OF THIS FORM FOR INSTRUCTIONS PERTAINING TO THE BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM AND COMPLEX SCIENCE AND/OR MEDICAL CASE MANAGEMENT PROGRAM (ASTAR), AS WELL AS ADDITIONAL INSTRUCTIONS IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, PRINCE GEORGE'S COUNTY OR BALTIMORE COUNTY.

Date January 16, 2015 _____   Signature _[signature]_

CC/DCM 002 (Rev. 2/2010)   Page 1 of 3

| BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM |
|---|

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-205 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited**
Trial within 7 months
of Filing

☐ **Standard**
Trial within 18 months
of Filing

☐ EMERGENCY RELIEF REQUESTED _____    _____
                                                                   Signature                     Date

| COMPLEX SCIENCE AND/OR MEDICAL CASE MANAGEMENT PROGRAM (ASTAR) |
|---|

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO AN ASTAR RESOURCE JUDGE under Md. Rule 16-202. Please check the applicable box below and attach a duplicate copy of your complaint.*

☐ Expedited - Trial within 7 months of Filing        ☐ Standard - Trial within 18 months of Filing

**IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, PRINCE GEORGE'S COUNTY, OR BALTIMORE COUNTY PLEASE FILL OUT THE APPROPRIATE BOX BELOW.**

| CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE) |
|---|

☒ Expedited           Trial 60 to 120 days from notice. Non-jury matters.

☐ Standard-Short      Trial 210 days.

☐ Standard            Trial 360 days.

☐ Lead Paint          Fill in: Birth Date of youngest plaintiff _____ .

☐ Asbestos            Events and deadlines set by individual judge.

☐ Protracted Cases    Complex cases designated by the Administrative Judge.

| CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY |
|---|

To assist the Court in determining the appropriate Track for this case, check one of the boxes below. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.

☐ Liability is not conceded, but is not seriously in dispute.

☐ Liability is seriously in dispute.

| CIRCUIT COURT FOR BALTIMORE COUNTY | |
|---|---|
| ☐ Expedited<br>(Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ Standard<br>(Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ Extended Standard<br>(Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ Complex<br>(Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

IN THE CIRCUIT COURT
FOR BALTIMORE CITY

DAMOND T. DURANT, JR.      *
4306 Belvieu Avenue
Baltimore, Maryland 21215,  *

    Plaintiff,            *

v.                          *   Case No. _____

DAMOND T. DURANT, SR.       *
c/o Baltimore City Police Department
Southern District           *
10 Cherry Hill Road
Baltimore, Maryland 21225,  *

    Defendant.            *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

Plaintiff, Damond T. Durant, Jr. ("Damond"), by his undersigned counsel, hereby sues Defendant, Damond T. Durant, Sr. ("Defendant"), and states as follows:

### Parties

1.    Damond is an adult citizen of the State of Maryland who resides at 4306 Belvieu Avenue, Baltimore City, Maryland 21215. Damond is 22 years old.

2.    Defendant is an adult citizen of the State of Maryland, whose residence is unknown to Damond. Defendant is a police officer employed by the

14533/0/01697646.DOCXv3

Baltimore City Police Department at the Southern District at 10 Cherry Hill Road, Baltimore City, Maryland 21225. Defendant is Damond's natural father.

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this action under Md. Code Ann., Courts & Judicial Proceedings § 1-501. This Court has personal jurisdiction over Defendant under Md. Code Ann., Courts & Judicial Proceedings § 6-102(a) because he is domiciled and maintains his principal place of business in Maryland.

4. Venue is proper in Baltimore City under Md. Code Ann., Courts & Judicial Proceedings § 6-201(a) because Defendant is employed in Baltimore City.

## Facts Common to All Counts

5. Damond's grandmother was Janice Denise Montgomery.

6. Ms. Montgomery passed away in 2007, when Damond was 14 years old.

7. Ms. Montgomery's Last Will and Testament, among other things, bequeathed to Damond thirty percent (30%) of the Residuary Estate (that is, the net estate after payment of funeral expenses, debts, expenses of administering the estate, and other specific bequests). Ms. Montgomery's Last Will and Testament further provided that, because Damond was not 21 years of age when she passed, his share was to be distributed pursuant to the Maryland Uniform

2

Transfers to Minors Act to a custodian selected in the sole and absolute discretion of Ms. Montgomery's Personal Representative, and that such custodian was to administer Damond's inheritance in accordance with the requirements of the Maryland Uniform Transfers to Minors Act until Damond attained the age of 21.

8. Ms. Montgomery's Personal Representative appointed Defendant, who is Damond's natural father and with whom Damond lived, to serve as the custodian of Damond's inheritance. Defendant accepted his appointment.

9. On February 28, 2008, Ms. Montgomery's Personal Representative sent a check payable to Defendant "as custodian for Damond T. Durant, Jr." in the amount of $67,751.60, as an interim distribution from Ms. Montgomery's estate. Defendant accepted and deposited that check as Damond's custodian.

10. On September 2, 2008, Ms. Montgomery's Personal Representative sent a check payable to Defendant "as custodian for Damond T. Durant, Jr." in the amount of $8,053.23, as the final distribution from Ms. Montgomery's estate. Defendant accepted and deposited that check as Damond's custodian.

11. Defendant did not administer Damond's inheritance under the terms of the Maryland Uniform Transfers to Minors Act. Instead, Defendant used Damond's inheritance to fund Defendant's and his girlfriend's lifestyle

including, by way of example only, taking lavish trips to Puerto Rico and the Bahamas.

12. When Damond turned 21, his father — Defendant — informed Damond that he had spent Damond's inheritance on himself and that Damond should "do what [you] need[] to do."

13. Defendant's actions have caused injury to Damond including the loss of his inheritance, the inability to afford an apartment, the inability to afford enrolling in college, and extreme emotional distress.

14. Defendant's actions, which amount to no less than criminal theft, were malicious, deliberate, gross, and wanton conduct that demonstrates that Defendant was motivated by evil motive, intent to injure, ill will, and fraudulent intent.

### Count I: Fraud – Intentional Theft

15. Damond incorporates each of the foregoing paragraphs as if set forth fully herein.

16. Defendant falsely asserted to Damond and others that Defendant would accept Damond's inheritance as Damond's custodian and administer the bequest in accordance with the Maryland Uniform Transfers to Minors Act.

17. At the time the Defendant made the misrepresentations that he would act in a custodial capacity, he knew that those misrepresentations were

false. Defendant had no intention of caring for Damond's property as his custodian.

18. Defendant falsely represented that he would act as Damond's custodian, for the purpose of defrauding Damond.

19. Damond justifiably relied on Defendant — his father — to act as custodian and safeguard his inheritance.

20. Instead, Defendant stole Damond's inheritance and used it for his own selfish purposes, causing Damond to suffer damages.

21. Defendant's actions were outrageous, amounted to criminal theft, and were malicious, deliberate, gross, and wanton conduct that demonstrates Defendant's evil motive, intent to injure, ill will, and fraud.

WHEREFORE, Damond demands judgment against Defendant for fraud based on Defendant's intentional theft, an award of compensatory damages that exceeds $75,000.00, punitive damages in an amount to be determined by the finder of fact, an accounting, attorneys' fees, pre- and post-judgment interest, and the costs of this action, and such other and further relief as may be appropriate and just.

## Count II:  Breach of Fiduciary Duties

22. Damond incorporates each of the foregoing paragraphs as if set forth fully herein.

23.   Defendant accepted Damond's bequest as Damond's custodian and, with it, accepted certain fiduciary duties. Among them were the duties to display complete loyalty to Damond's interests and the duty to exclude all selfish interest.

24.   Defendant violated his fiduciary duties to Damond by stealing Damond's inheritance and using it for his own selfish purposes.

25.   Defendant's actions were outrageous, amounted to criminal theft, and were malicious, deliberate, gross, and wanton conduct that demonstrates Defendant's evil motive, intent to injure, ill will, and fraud.

WHEREFORE, Damond demands judgment against Defendant for breach of fiduciary duties, an award of compensatory damages that exceeds $75,000.00, punitive damages in an amount to be determined by the finder of fact, an accounting, attorneys' fees, pre- and post-judgment interest, and the costs of this action, and such other and further relief as may be appropriate and just.

## Count III: Conversion

26.   Damond incorporates each of the foregoing paragraphs as if set forth fully herein.

27.   Defendant intentionally took Damond's personal property for his own use, forever depriving Damond of the use and enjoyment of that property, without Damond's permission or justification.

28. That personal property was comprised of specific segregated or identifiable funds, which are traceable.

29. Defendant's actions were outrageous, amounted to criminal theft, and were malicious, deliberate, gross, and wanton conduct that demonstrates Defendant's evil motive, intent to injure, ill will, and fraud.

WHEREFORE, Damond demands judgment against Defendant for conversion, an award of compensatory damages that exceeds $75,000.00, punitive damages in an amount to be determined by the finder of fact, an accounting, attorneys' fees, pre- and post-judgment interest, and the costs of this action, and such other and further relief as may be appropriate and just.

## Count IV: Unjust Enrichment

30. Damond incorporates each of the foregoing paragraphs as if set forth fully herein.

31. Defendant knowingly obtained and benefited from Damond's inheritance.

32. Equity will be offended, under the circumstances of this matter, if Defendant were to retain Damond's inheritance without payment to Damond of its value or its return to Damond.

WHEREFORE, Damond demands judgment against Defendant for unjust enrichment and an order decreeing that: (a) Defendant immediately return to

Damond the entire amount of Damond's inheritance; (b) Defendant pay Damond compensatory damages that exceed $75,000.00, attorneys' fees, pre- and post-judgment interest, and the costs of this action; (c) Defendant provide to Damond an accounting; (d) a constructive trust be imposed on all of Defendant's property and Damond be permitted to execute against that trust to satisfy Defendant's indebtedness to him; (d) Damond be awarded his attorneys' fees, pre- and post-judgment interest, and the costs of this action; and (e) grants Damond such other and further relief as may be appropriate and just.

Respectfully submitted,

*/s/ John A. Bourgeois*

John A. Bourgeois
Justin A. Redd
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, Maryland  21202-3201
(410) 752-6030; (410) 539-1269 (fax)
jbourgeois@kg-law.com
jredd@kg-law.com

Counsel for Plaintiff

IN THE CIRCUIT COURT
FOR BALTIMORE CITY

| | | |
|---|---|---|
| DAMOND T. DURANT, JR. <br> 4306 Belvieu Avenue <br> Baltimore, Maryland 21215, <br><br> Plaintiff, <br><br> v. <br><br> DAMOND T. DURANT, SR. <br> c/o Baltimore City Police Department <br> Southern District <br> 10 Cherry Hill Road <br> Baltimore, Maryland 21225, <br><br> Defendant. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | Case No. _____ |

\* \* \* \* \* \* \* \* \* \* \* \*

## MOTION FOR WAIVER OF PREPAYMENT OF COURT COSTS AND FEES

Plaintiff Damond Durant, Jr., by and through his attorneys, respectfully moves this honorable Court pursuant to Md. Code Ann., Cts. & Jud. Proc. §§ 7-201(b)(1) and (2) (2002) for an Order waiving the prepayment of court costs and fees in this action, and for reasons states:

1. Plaintiff, though counsel, filed a Complaint in the Circuit Court for Baltimore City on January 16, 2015.

2. Undersigned counsel represents Plaintiff in a *pro bono* capacity. Undersigned counsel hereby certifies that Plaintiff's Complaint is meritorious.

14533/0/01748969.DOCXv1

*See* Affidavit of Counsel attached as Exhibit 1.

3. Plaintiff is indigent and unable to pay the filing fees and court costs associated with these proceedings. *See* Affidavit of Indigency attached as Exhibit 2.

WHEREFORE, Plaintiff respectfully moves this honorable Court to:

A. waive prepayment of all fees and costs associated with these proceedings; and

B. award such other and further relief as the nature of Plaintiff's cause may require.

Respectfully submitted,

*/s/ John A. Bourgeois*

John A. Bourgeois
Justin A. Redd
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202-3201
(410) 752-6030; (410) 539-1269 (fax)
jbourgeois@kg-law.com
jredd@kg-law.com

Counsel for Plaintiff

14533/0/01748969.DOCXv1

IN THE CIRCUIT COURT
FOR BALTIMORE CITY

| | | |
|---|---|---|
| DAMOND T. DURANT, JR.<br>4306 Belvieu Avenue<br>Baltimore, Maryland  21215, | * <br> * | |
| Plaintiff, | * | |
| v. | * | Case No. _____ |
| DAMOND T. DURANT, SR.<br>c/o Baltimore City Police Department<br>Southern District<br>10 Cherry Hill Road<br>Baltimore, Maryland  21225, | * <br> * <br> * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## AFFIDAVIT OF COUNSEL

I, John A. Bourgeois, *pro bono* counsel for Plaintiff Damond Durant, Jr., do solemnly declare and affirm under the penalties of perjury that Plaintiff's Complaint is meritorious.

_____
John A. Bourgeois

14533/0/01748969.DOCXv1

IN THE CIRCUIT COURT
FOR BALTIMORE CITY

DAMOND T. DURANT, JR.          *
4306 Belvieu Avenue
Baltimore, Maryland  21215,    *

    Plaintiff,                 *

v.                             *    Case No. _____

DAMOND T. DURANT, SR.        *
c/o Baltimore City Police Department
Southern District                  *
10 Cherry Hill Road
Baltimore, Maryland  21225,    *

    Defendant.              *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## AFFIDAVIT OF INDIGENCY

1. I am over 18 and competent to testify to the facts contained herein.

2. I am indigent and cannot pay the court costs associated with this action.

3. My last employment was with Wawa from approximately August 2012 through May 2013.

4. The State pays rent and utilities for me to live in an assisted living home. The only income I receive is an allowance in the amount of $82.00 per month.

5. I receive food stamps, which are paid directly to the manager of my assisted living home.

6. My assets are:

   Bank Accounts     n/a

(checking and savings)

| | |
|---|---|
| Furniture | n/a |
| Other | n/a |

7. My outstanding bills are:

| | |
|---|---|
| Rent | n/a |
| Telephone | n/a |
| Utilities | n/a |

8. My monthly expenses are:

| | |
|---|---|
| Rent/Mortgage | n/a |
| Utilities | n/a |
| Phone | $43.00 |
| Food | n/a |
| Child Care | n/a |
| Total | $43.00 |

9. My income is insufficient for me to pay the fees and costs associated with these proceedings.

I, Damond Durant, Jr., the undersigned Plaintiff, do hereby affirm under the penalties of perjury that the above statements are true and correct.

_____
Plaintiff Damond Durant, Jr.

14533/0/01748969.DOCXv1

IN THE CIRCUIT COURT
FOR BALTIMORE CITY

| | | |
|---|---|---|
| DAMOND T. DURANT, JR.<br>4306 Belvieu Avenue<br>Baltimore, Maryland 21215, | * * * | |
| Plaintiff, | * | |
| v. | * | Case No. _____ |
| DAMOND T. DURANT, SR.<br>c/o Baltimore City Police Department<br>Southern District<br>10 Cherry Hill Road<br>Baltimore, Maryland 21225, | * * * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**REQUEST FOR SERVICE OF PROCESS
BY THE SHERIFF OF BALTIMORE CITY**

Plaintiff, through *pro bono* counsel, respectfully requests, pursuant to Md. Code Ann., Cts. & Jud. Proc. § 2-301 and Md. Rule 2-111, that this Court direct the Sheriff of Baltimore City to personally serve Plaintiff's Complaint, Summons, and related documents on Defendant Damond Durant, Sr. Plaintiff requests that his obligation to pay any fees associated with service by the Sheriff be waived in accordance with the Motion for Waiver of Prepayment of Court Costs and Fees.

Respectfully submitted,

*/s/ John A. Bourgeois*
John A. Bourgeois
Justin A. Redd
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, Maryland  21202-3201
(410) 752-6030; (410) 539-1269 (fax)
jbourgeois@kg-law.com
jredd@kg-law.com

Counsel for Plaintiff