LAW OFFICES

# KRAMON & GRAHAM, P. A.

ONE SOUTH STREET

SUITE 2600

## BALTIMORE, MARYLAND 21202-3201

TELEPHONE: (410) 752-6030

FACSIMILE: (410) 539-1269

www.kramonandgraham.com

JUSTIN A. REDD
DIRECT DIAL
(410) 347-7432

E-MAIL
jredd@kg-law.com
DIRECT FACSIMILE
(410) 361-8228

December 10, 2015

## BY HAND-DELIVERY

Clerk
Circuit Court for Baltimore City
111 N. Calvert Street, Room 462
Baltimore, Maryland 21202

Re:   *Damond T. Durant, Jr. v. Damond T. Durant, Sr.*
      Case No. 24-C-15-000246

Dear Sir/Madam:

Enclosed please find an original and one copy of Plaintiff Damond T. Durant Jr.'s Request for Entry of Default Judgment and proposed Order in the above-referenced matter.

Please date-stamp the copy of the Request and return it to the waiting messenger for my file.

Sincerely,

Justin A. Redd

JAR:eyj
Enclosures
cc:   Officer Damond T. Durant, Sr.
      (by first-class mail, w/encls.)
      John A. Bourgeois, Esquire
      (by first-class mail, w/encls.)

14533/0/01993125.DOCXv1

IN THE CIRCUIT COURT
FOR BALTIMORE CITY   2015 DEC 10   AM 11: 30

CIVIL DIVISION

DAMOND T. DURANT, JR.                   *

                                        *

        Plaintiff,                      *

    v.                                  *        Case No. 24-C-15-000246

DAMOND T. DURANT, SR.                   *
c/o Baltimore City Police Department
Southern District                       *
10 Cherry Hill Road
Baltimore, Maryland  21225,             *

        Defendant.                      *

    *     *     *     *     *     *     *     *     *     *     *     *     *

## REQUEST FOR ENTRY OF DEFAULT JUDGMENT

Plaintiff, Damond T. Durant, Jr., by his undersigned counsel, pursuant to

Md. Rule 2-613, requests that this Court enter default judgment against

Defendant, Damond T. Durant, Sr.  The grounds for this request are as follows.

**A.    Background**

1.    Defendant is Plaintiff's natural father.  Plaintiff lived with his

grandmother during his childhood.  At the time of the testamentary distributions

at issue in this case, Plaintiff was residing with the Defendant.

2.    Pursuant to Plaintiff's grandmother's Last Will and Testament, she

bequeathed to him a percentage of her residuary estate.  The personal

representative of the estate informed the Defendant that his son, the Plaintiff, was an interested person in the estate, and sent the Defendant a copy of the Will.

3.    Because Plaintiff was under age twenty-one when his grandmother died, by the terms of the Will, the personal representative of the estate appointed Defendant as the custodian of the funds pursuant to the Maryland Uniform Transfers to Minors Act.  Defendant, instead of safeguarding Plaintiff's inheritance, stole all of the money and spent it on himself.

**B.    This Court Should Enter Default Judgment Against Defendant**

4.    Plaintiff sued the Defendant for fraud, breach of fiduciary duties, conversion, and unjust enrichment.

5.    Plaintiff's agent served the Defendant on July 21, 2015.  (Doc. No. 10.)

6.    Pursuant to Md. Rule 2-321(a), the Defendant's answer to the Complaint was due on August 20, 2015.  The Defendant did not file an answer or otherwise respond to the Complaint.

7.    On August 25, 2015, the Plaintiff requested that this Court enter an Order of Default against the Defendant.  (Doc. No. 12.)

8.    This Court entered an Order of Default on September 25, 2015. (Doc. No. 12/1.)

9.      Pursuant to Md. Rule 2-613(c), the Notice of Default Order was sent by the Clerk on September 29, 2015. (Doc. No. 14.)

10.     More than thirty days have passed since the entry of default, and the Defendant has not moved to vacate this Court's Order of Default, or otherwise provided any reason for his failure to plead.

11.     There is no legal or factual basis for a defense to the Plaintiff's claims.

12.     Pursuant to Md. Rule 2-613(f), this Court "may enter a judgment by default that includes a determination as to liability and all relief sought, if it is satisfied (1) that it has jurisdiction to enter the judgment and (2) that the notice required by section (c) of this Rule was mailed."

13.     This Court has subject matter jurisdiction over this action under Md. Code Ann., Courts & Judicial Proceedings § 1-501. This Court has personal jurisdiction over Defendant under Md. Code Ann., Courts & Judicial Proceedings § 6-102(a). The required Notice was mailed by the Clerk's Office on September 29, 2015. (Doc. No. 14.)

14.     Accordingly, pursuant to Md. Rule 2-613(f), the Plaintiff requests that this Court determine that the Defendant is liable under all claims in the Complaint, and that the Plaintiff is entitled to all relief sought in the Complaint.

**C.     Plaintiff Is Entitled to Economic Damages in the Amount of $75,804.83**

15.     Pursuant to Md. Rule 2-613(f), this Court may rely on affidavits to determine the amount of damages.

16.     The Plaintiff seeks damages for fraud, breach of fiduciary duty, conversion, and unjust enrichment.  The Plaintiff is entitled to compensation in the amount he has lost as a result of the Defendant's conduct.

17.     On February 28, 2008, the personal representative of Plaintiff's grandmother's estate sent a check payable to Defendant "as custodian for Damond T. Durant, Jr." in the amount of $67,751.60, as an interim distribution from Ms. Montgomery's estate.  Defendant accepted and deposited that check as Damond's custodian.  *Ex. 1*, Aff. of G. Bartel, Personal Representative.

18.     On September 2, 2008, Ms. Montgomery's Personal Representative sent a check payable to Defendant "as custodian for Damond T. Durant, Jr." in the amount of $8,053.23, as the final distribution from Ms. Montgomery's estate.  Defendant accepted and deposited that check as Damond's custodian.  *Ex. 1*, Aff. of G. Bartel, Personal Representative.

19.     When Plaintiff turned twenty-one, his father — Defendant — informed Plaintiff that he had spent the inheritance on himself and that Plaintiff should "do what [you] need[] to do."  *Ex. 2*, Aff. of Durant, Jr.

20.     Accordingly, the Plaintiff is entitled to compensatory economic damages in a total amount of $75,804.83, plus pre-judgment interest at the legal rate measured from the respective date of each of the two checks.

**D.     Plaintiff Is Entitled to Non-Economic and Punitive Damages in an Amount To Be Determined at a Hearing**

21.     As a result of Defendant's actions, Plaintiff has suffered severe emotional distress and depression.  *Ex. 2*, Aff. of Durant, Jr.

22.     Defendant's acts of criminal theft were malicious, deliberate, gross, and wanton conduct that demonstrates that Defendant was motivated by evil motive, intent to injure, ill will, and fraudulent intent.  Accordingly, Plaintiff requests a hearing to determine the amount of compensatory non-economic damages, and punitive damages, to which Plaintiff is entitled.

WHEREFORE Plaintiff requests that this Court:

(a) enter judgment by default in his favor and against Defendant for economic damages in the amount of $75,804.83, plus pre- and post-judgment interest;

(b) set a hearing to determine the amount of non-economic and punitive damages to which Plaintiff is entitled;

(c) grant such other and further relief as justice requires.

Respectfully submitted,

John A. Bourgeois
Justin A. Redd
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, Maryland  21202-3201
(410) 752-6030; (410) 539-1269 (fax)
jbourgeois@kg-law.com
jredd@kg-law.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on this 10th day of December, 2015, I sent a copy of the

foregoing Request for Entry of Default Judgment and accompanying papers by

first-class, postage-prepaid mail to:

> Officer Damond T. Durant, Sr.
> Baltimore City Police Department
> Southern District
> 10 Cherry Hill Road
> Baltimore, Maryland  21225

Justin A. Redd

EXHIBIT  1

IN THE CIRCUIT COURT
FOR BALTIMORE CITY

DAMOND T. DURANT, JR.     *

                             *

      Plaintiff,         *

  v.                     *     Case No. 24-C-15-000246

DAMOND T. DURANT, SR.    *
c/o Baltimore City Police Department
Southern District            *
10 Cherry Hill Road
Baltimore, Maryland  21225,   *

      Defendant.     *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## AFFIDAVIT OF GERTRUDE C. BARTEL

I, Gertrude C. Bartel, am over eighteen years of age, am competent to testify, and have personal knowledge of the following facts:

1.    I am retired lawyer who practiced in Maryland for over thirty years.

2.    I served as Personal Representative of the Estate of Janice Denise Montgomery.  Ms. Montgomery was the grandmother of the Plaintiff in this case, Damond Durant, Jr.

3.    Ms. Montgomery's Last Will and Testament, among other things, bequeathed to Damond thirty percent (30%) of the Residuary Estate (that is, the

net estate after payment of funeral expenses, debts, expenses of administering

the estate, and other specific bequests). *Aff. Ex. A*, Will ¶ 9.f.

4.    Ms. Montgomery's Last Will and Testament further provided that, if

Damond was not 21 years of age when she passed, his share was to be

distributed pursuant to the Maryland Uniform Transfers to Minors Act to a

custodian selected in the sole and absolute discretion of Ms. Montgomery's

personal representative, and that such custodian was to administer Damond's

inheritance in accordance with the requirements of the Maryland Uniform

Transfers to Minors Act until Damond attained the age of 21.    *Aff. Ex. A*, Will ¶

9.h.

5.    Ms. Montgomery passed away in 2007, when Damond was 14 years

old.  Accordingly, in my capacity as Ms. Montgomery's Personal Representative,

and pursuant to the Maryland Uniform Transfers to Minors Act, I appointed the

Defendant to serve as the custodian of Damond's inheritance.  The Defendant is

Damond's natural father, and Damond lived with him at that time.

6.    I also informed the Defendant that he would receive notice from the

Register of Wills for Baltimore City, on behalf of his son, that the Plaintiff was an

interested person of Ms. Montgomery's Estate.  In that correspondence, I

provided the Defendant with a copy of Ms. Montgomery's Last Will and

Testament. *Aff. Ex. B*, Letter of May 8, 2007.

7.      On January 23, 2008, I filed a First Administration Account of the Estate, and served notice of the filing on the Defendant, as custodian for the Plaintiff. *Aff. Ex. C.* The Court approved the First Administration Account in an Order dated February 1, 2008. *Aff. Ex. D.*

8.      On February 28, 2008, as Ms. Montgomery's Personal Representative, I sent a check payable to Defendant "as custodian for Damond T. Durant, Jr." in the amount of $67,751.60, as an interim distribution from Ms. Montgomery's estate. *Aff. Ex. E,* Letter of Feb. 28, 2008 and Encl.  Defendant accepted and deposited that check as Damond's custodian.

9.      On July 25, 2008, I filed a Second and Final Administration Account (providing notice to the Defendant), which the Court approved on August 4, 2008. *Aff. Exs. F-G.*

10.      On September 2, 2008,  as Ms. Montgomery's Personal Representative, I sent a check payable to Defendant "as custodian for Damond T. Durant, Jr." in the amount of $8,053.23, as the final distribution from Ms. Montgomery's estate. *Aff. Ex. H,* Letter of Sept. 2, 2008 and Encl.  Defendant accepted and deposited that check as Damond's custodian.


Under the penalty of perjury, I swear and affirm that the foregoing is true and correct.

Dated: December 9, 2015

Gertrude C. Bartel

# EXHIBIT  A

LAST WILL AND TESTAMENT
OF
<u>JANICE DENISE MONTGOMERY</u>

I, JANICE DENISE MONTGOMERY, of Baltimore City, State of Maryland, hereby revoke all wills and codicils heretofore made by me and declare this to be my Last Will and Testament.

1. <u>Identification</u>.  As designated in this Will, MELVIN D. WIGGINS, JR. ("MELVIN") and SIMONE MONTGOMERY ("SIMONE") are my children; J'VAUGHN GORHAM ("J'VAUGHN") and JANICE SIMONE MONTGOMERY ("JANICE") are my adopted children; DAMOND TREMMELL DURANT, JR. ("DAMOND") is my grandson; GERALDINE CONSTANTINE ("NETTIE") is my sister; CORINE MULLINGS ("CORINE") is a family friend; and GERTRUDE C. BARTEL ("TRUDY") is my attorney.

2. <u>Designation of Personal Representative</u>.  I nominate and appoint TRUDY to serve as my Personal Representative under this Will.  If TRUDY shall fail for any reason to continue as Personal Representative hereunder, I constitute and appoint MELVIN to serve in her stead.  I direct that my Personal Representative be excused from bond.

3. <u>Funeral Request</u>.  I direct that my bodily remains be cremated as soon after my death as possible and that my ashes be interred or disposed of in a respectful manner in the discretion of my Personal Representative.  A memorial service may or may not be held, in the sole discretion of my Personal Representative.

4. <u>Debts, Funeral Expenses and Taxes</u>. I direct my Personal Representative to pay all my just debts; my funeral expenses, including the cost of a suitable marker for my grave; the expenses of my last illness; the expenses of the administration of my estate; and all estate, inheritance and similar taxes payable with respect to property included in my estate, whether or not passing under this Will, and any interest or

LAW OFFICES
KRAMON & GRAHAM, P.A.
ONE SOUTH STREET
SUITE 2600
BALTIMORE, MARYLAND 21202-3201
(410) 752-6030

penalties thereon, out of my Residuary Estate, hereinafter defined, without being subject

to any limitation of law or rule of court, and without apportionment, as soon after my

death as may be practicable and without the necessity of an order of court, except that

the payment of any debt secured by a mortgage or pledge of real or personal property

may be postponed by my Personal Representative in her discretion.

5.  Devise of Real Property.  I give, devise and bequeath my ownership in the

real property known as 5506 Belle Vista Avenue, Baltimore City, Maryland 21206, to

MELVIN, if he survives me by thirty (30) days.  If MELVIN does not so survive me,

then this devise shall lapse and become part of my Residuary Estate, as hereinafter

defined.  It is my specific instruction that any mortgages due on this property, whether a

first and/or second mortgage or similar loan secured by the real property, be satisfied out

of my Residuary Estate before distribution to MELVIN.

6.  Specific Bequest of Automobile.  I give my 2005 Buick Rendevous, VIN

3G5DA03E55S546810, to J'VAUGHN, if he survives me by thirty (30) days.  If

J'VAUGHN does not so survive me, then this bequest shall lapse and become part of my

Residuary Estate.  It is my specific instruction that any loan on this vehicle be satisfied

out of my Residuary Estate before distribution to J'VAUGHN.

7.  Bequests of Tangible Personal Property.  I direct my Personal Representative

to distribute my personal and household effects in accordance with any letter of

instruction that I leave.  Such a letter will describe the items with reasonable certainty

and may be prepared before or after the execution of this Will.  If no such letter of

instruction is located, or to the extent such a letter does not completely or effectively

dispose of such property, I leave my personal and household effects as follows:

a.  I give and bequeath all tangible personal property owned by me at the

time of my death (except cash), including without limitation personal effects, clothing,

jewelry, furniture, furnishings, and household goods, together with all insurance policies

relating thereto, to MELVIN, if he survives me by thirty (30) days.

LAW OFFICES
KRAMON & GRAHAM, P.A.
ONE SOUTH STREET
SUITE 2600
ALTIMORE, MARYLAND 21202-3201

(410) 752-6030

GCB/GCB/00262348.WPDv1                    Page 2 of 7

jdm 3/12/07

b. If MELVIN does not survive me by thirty (30) days, I give and bequeath all of my tangible personal property, as described in Paragraph 7.a, to J'VAUGHN, DAMOND and JANICE, in substantially equal shares, to be divided among them as they shall agree; provided, however, that if they cannot agree, my Personal Representative shall make such division and distribution. If, however, any of J'VAUGHN, DAMOND and JANICE shall not have attained the age of eighteen (18) years on the date of my death, my Personal Representative may sell any property bequeathed to said child under this Paragraph 7.b, as my Personal Representative may deem appropriate, or my Personal Representative may hold such property or any proceeds thereof, without bond, surety or other security, until said child attains his or her eighteenth (18th) year or such earlier time as my Personal Representative may deem proper to deliver any such property or proceeds to said child, or to said child's Guardian or any person with whom said child resides for the use of said child. The receipt of the person to whom distribution is made shall be a sufficient discharge to my Personal Representative.

c. All costs of obtaining possession, appraising, safeguarding, delivering or selling such property shall be paid as expenses of administering my estate.

8. <u>Residuary Estate</u>. My residuary estate shall consist of all the rest of my estate and property, whether in possession, expectancy or remainder, including real property, life insurance proceeds payable to my estate and all property over which I may have any power of appointment, after the payment of all expenses of administration and other charges payable from my estate and the bequests described in Paragraphs 5, 6 and 7 above ("Residuary Estate").

9. <u>Disposition of Residuary Estate</u>. I give my Residuary Estate as follows:

d. Thirty percent (30%) to MELVIN, if he survives me by thirty (30) days, or his issue, <u>per stirpes</u>, who survive me by thirty (30) days.

LAW OFFICES
KRAMON & GRAHAM, P.A.
ONE SOUTH STREET
SUITE 2600
BALTIMORE, MARYLAND 21202-3201
(410) 752-6030

GCB/GCB/00262348.WPDv1                Page 3 of  7

e.  Thirty percent (30%) to J'VAUGHN, if he survives me by thirty (30) days, or his issue, _per stirpes_, who survive me by thirty (30) days.

f.  Thirty percent (30%) to DAMOND, if he survives me by thirty (30) days, or his issue, _per stirpes_, who survive me by thirty (30) days.

g.  Ten percent (10%) to NETTIE, if she survives me by thirty (30) days, or her issue, _per stirpes_, who survive me by thirty (30) days.

h.  If any individual entitled to distribution under this Paragraph 9 has not attained the age of twenty-one (21) years, then such individual's share shall be distributed pursuant to the Maryland Uniform Transfers to Minors Act to a custodian selected in the sole and absolute discretion of my Personal Representative, who shall serve as custodian for such minor, and the share shall be administered under the Maryland Uniform Transfers to Minors Act until such individual attains the age of twenty-one (21) years or dies prior thereto.

i.  I have great love and affection for SIMONE and JANICE but have made no provision for them in this Will.

10.  Powers of Personal Representative.

a.  In addition to all powers, duties and discretions granted to, or imposed upon her by law, my Personal Representative shall have with respect to my estate all of the powers set forth below.  All authorities, rights, powers, duties and discretions conferred by my Will upon, or lodged in, my Personal Representative shall be construed to be appurtenant to the fiduciary office, and shall pass to and be exercisable by whatever person or persons may then be duly qualified and acting as the Personal Representative of my estate.

b.  The power to invest and reinvest in real or leasehold property, tangible or intangible personal property, common trust funds, mutual funds, common stocks, preferred stocks, and debentures, all as my Personal Representative may consider advisable or proper, without application to, or the approval of, any court and without

LAW OFFICES
KRAMON & GRAHAM, P.A.
ONE SOUTH STREET
SUITE 2600
BALTIMORE, MARYLAND 21202-3201
(410) 752-6030

_jdm 3/22/07_

being restricted as to the character of any investment by any statute or rule of law or court governing the investment of trust funds;

c.  The power to sell, lease (irrespective of the date of final distribution of the estate), improve, partition, mortgage, exchange or otherwise dispose of any and all property at any time forming a part of the estate, in such manner, for such purposes and upon such terms as my Personal Representative may deem advisable;

d.  The power to vote in person or by proxy with respect to any shares of stock or other securities held by the estate, for any purpose, and to take any other action which my Personal Representative may deem necessary or proper in connection therewith, participate in any voting trust, merger or reorganization and to hold investments in the name of a nominee;

e.  The power to borrow or advance money for any purpose connected with the protection, preservation or improvement of the estate, and create one or more mortgages on, or pledges of, any part or all of the property included in the estate, whenever my Personal Representative shall deem the same in her judgment advisable;

f.  The power to pay, compromise, compound, extend, modify, renew, adjust, submit to arbitration, sell or release any claims or demands of the estate against others or of others against the estate as my Personal Representative shall deem advisable, and to make any payments in connection therewith;

g.  The power to execute, acknowledge and deliver any and all instruments in writing which my Personal Representative may deem advisable to carry out any of the powers described herein, including the power to indicate any division or distribution of the estate by deeds or other writings or instruments recorded among the public records of any jurisdiction where any such property may be located.  No party to any such instrument in writing signed by my Personal Representative shall be bound to see to the application by my Personal Representative of any money or other property paid and delivered to her pursuant to the terms of such instrument; and

LAW OFFICES
KRAMON & GRAHAM, P.A.
ONE SOUTH STREET
SUITE 2600
BALTIMORE, MARYLAND 21202-3201
(410) 752-6030

GCB/GCB/00262348.WPDv1                    Page 5 of 7

h.  My Personal Representative, in her sole and absolute discretion, also shall have the full right, power and authority if he shall deem the same necessary or desirable, but shall be under no obligation or requirement if he otherwise shall determine in her best judgment, (i) to make distributions of my estate in cash or in kind without the necessity of making any distributions pro rata; (ii) to make such decisions as he may deem appropriate in connection with the determination of whether any alternate date or dates shall be used for estate and/or inheritance tax purposes and whether any deductions available for estate tax purposes shall be used (in whole or in part) instead as income tax deductions, either on the last return filed on my behalf, or on any of the returns filed with respect to income reported by my estate; and (iii) to make compensating adjustments (in whole or in part) among the interests of any or all persons entitled to share in my estate because or on account of any such decision which may increase or reduce the amount of any trust or interest.

11.  Designation of Guardian.

a.  I am JANICE'S adoptive mother.  I constitute and appoint CORINE to be JANICE'S Guardian.  In the event CORINE shall fail for any reason to continue as Guardian, I constitute and appoint MELVIN to be JANICE'S Guardian.  I direct that my Guardian shall be excused from bond.

b.  In the event that the laws of the jurisdiction in which I reside at the time of my death require that my Guardian be a resident of such jurisdiction and if none of the persons named herein can serve in any such capacity because they are not residents of such jurisdiction, I hereby authorize and direct my Guardian to designate a resident of such jurisdiction to serve as Co-Guardian.

12.  Miscellaneous.

a.  Whenever used herein (i) any reference to the masculine gender shall include the feminine and the neuter, and vice versa, and (ii) any reference to the singular shall include the plural and vice versa.

LAW OFFICES
KRAMON & GRAHAM, P.A.
ONE SOUTH STREET
SUITE 2600
BALTIMORE, MARYLAND 21202-3201
(410) 752-6030

GCB/GCB/00262348.WPDv1                    Page 6 of 7

*Jdm 3/22/07*

b. The headings used herein are for convenience only and do not affect or modify the provisions of this Will.

IN WITNESS WHEREOF, I have hereunto signed my name this 22nd day of March                    , 2007.

_Janice Denise Montgomery_
JANICE DENISE MONTGOMERY

The foregoing instrument was signed, published and declared by JANICE DENISE MONTGOMERY, the testatrix above-named, as and for her Last Will and Testament, in the presence of us, and we, at the same time, at her request, in her presence, and in the presence of each other, hereunto subscribe our names as attesting witnesses.

_Christine J. Jones_
Name

4305 Labyrinth Rd
Beltsville MD 21215
Address

_Stephanie A. Sola_
Name

1388 Walkabout Ct.
Eldersburg MD 21784
Address

LAW OFFICES
KRAMON & GRAHAM, P.A.
ONE SOUTH STREET
SUITE 2600
BALTIMORE, MARYLAND 21202-3201
(410) 752-6030

GCB/GCB/00262348.WPDv1

FIRST CODICIL TO
LAST WILL AND TESTAMENT
OF
JANICE DENISE MONTGOMERY

I, JANICE DENISE MONTGOMERY, of Baltimore City, State of Maryland, do hereby declare this to be a First Codicil to my Last Will and Testament dated March 22, 2007.

1.  Paragraph 1 shall be amended to delete CORINE MULLINGS ("CORINE") as an identified person and to add RAYE R. JACKSON ("RAYE"), a family friend, as an additional identified person.

2.  Paragraph 11.a shall be deleted in its entirety, and the following paragraph shall be substituted in lieu thereof:

> 11.  <u>Designation of Guardian</u>.
>
> a.  I am JANICE'S adoptive mother.  I constitute and appoint RAYE to be JANICE'S Guardian.  In the event RAYE shall fail for any reason to continue as Guardian, I constitute and appoint MELVIN to be JANICE'S Guardian.  I direct that my Guardian shall be excused from bond.

3.  I expressly state that the remaining provisions of my said Will shall remain in effect precisely as stated therein.

*[SIGNATURE PAGE FOLLOWS]*

LAW OFFICES
KRAMON & GRAHAM, P.A.
ONE SOUTH STREET
SUITE 2600
BALTIMORE, MARYLAND 21202-3201
(410) 752-6030

07235/0/00264551.WPDv1

Page 1 of 2

jdm 3/28/07

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my seal

this 28ᵗʰ day of _March_____, 2007.


_Janice Denise Montgomery_
JANICE DENISE MONTGOMERY

SIGNED, SEALED, PUBLISHED AND DECLARED by the above-named

Testatrix, JANICE DENISE MONTGOMERY, as and for a First Codicil to her Last Will

and Testament, in the presence of us who, at her request, in her presence, and in the

presence of each other, have hereunto subscribed our names and addresses as witnesses

hereto.


_Stephanie R Sohr_
Name

1388 Walkabout Cv.
Eldersburg, Md 21784
Address


_M. Colleen Zulueta_
Name

2718 Superior Ave
Baltimore, MD 21234
Address

LAW OFFICES
KRAMON & GRAHAM, P.A.
ONE SOUTH STREET
SUITE 2600
BALTIMORE, MARYLAND 21202-3201
(410) 752-6030

# EXHIBIT  B

LAW OFFICES

# KRAMON & GRAHAM, P. A.

ONE SOUTH STREET

SUITE 2600

BALTIMORE, MARYLAND 21202-3201

TELEPHONE: (410) 752-6030

FACSIMILE: (410) 539-1269

www.kramonandgraham.com

GERTRUDE C. BARTEL
_____
ALSO ADMITTED IN DC

E-MAIL
gbartel@kg-law.com
DIRECT FACSIMILE
(410) 361-8203

May 8, 2007

Mr. Damond T. Durant, Parent
Master Damond T. Durant, Jr.
7605 Oakbridge Drive
Baltimore, Maryland  21244

RE:   Estate of Janice Denise Montgomery
Before the Register of Wills for Baltimore City, Maryland
Estate No.: 79757

Dear Mr. Durant:

As you may know, I am representing the Estate of Janice Denise Montgomery and am serving as the Personal Representative of the estate.

The purpose of this letter is to let you know that you will be receiving official notification from the Register of Wills for Baltimore City on behalf of your son, Damond, that he is an interested person of the estate. Janice's Will, a copy of which I enclose for you, specifically bequeaths thirty percent (30%) of the Residuary Estate (that is the net estate after payment of funeral expenses, debts and expenses of administering the estate and other specific bequests) to Damond.

It is not necessary for you to file any papers at this time to perfect Damond's bequest.

If you have any questions regarding administration of this estate, please fee free to contact me.

Sincerely,

Gertrude C. Bartel

GCB/sas
Enclosure

07235/0/00279479.WPDv1

EXHIBIT  C

IN THE MATTER OF THE                    *    BEFORE THE

ESTATE OF                               *    REGISTER OF WILLS FOR

JANICE DENISE MONTGOMERY                *    BALTIMORE CITY

                                        *    Estate No. 79757

                                        *    DOD:  04/29/2007

* * * * * * * * * * *

THE FIRST ADMINISTRATION ACCOUNT OF
GERTRUDE C. BARTEL, PERSONAL REPRESENTATIVE OF THE
ESTATE OF JANICE DENISE MONTGOMERY, DECEASED
<u>As of December 31, 2007</u>

YOUR ACCOUNTANT CHARGES HERSELF
with the appraised value of the
following property reported by her
on the Inventory filed by her
on August 31, 2007

| | | |
|---|---|---|
| Real Property | -0- | |
| Leasehold | $142,520.00 | |
| Tangible Personal | 13,060.00 | |
| Corporate Stocks | -0- | |
| Bonds, Notes, Etc. | -0- | |
| Bank Accounts, Etc. | -0- | |
| All Other Interests | <u>400,000.00</u> | $555,580.00 |

AND with the appraised value of
the following property reported
by her on the First Supplemental
Inventory filed by her on
October 3, 2007

| | | |
|---|---|---|
| Tangible Personal | <u>$1,750.00</u> | <u>1,750.00</u> |
| Total Inventory | | <u>$557,330.00</u> |

07235/0/00339216.WPDv1                                    1

AND WITH THE RECEIPT
of the following other income:

| | | |
|---|---|---|
| Interest on Life Insurance Proceeds | $997.26 | |
| Refund of Prepaid Mortg Ins | 484.80 | |
| Total Other Income | | $1,482.06 |

AND WITH THE FOLLOWING SALES:

2005 Buick Rendevous

| | | |
|---|---|---|
| Gross Sale Price | $13,000.00 | |
| Value per Inventory | 13,060.00 | |
| Loss | (60.00) | |
| Total Loss on Sale | | (60.00) |
| Total Income | | $1,422.06 |

TOTAL ESTATE TO BE ACCOUNTED FOR:

| | |
|---|---|
| Inventoried Estate | $557,330.00 |
| Income | 1,422.06 |
| TOTAL ESTATE | $558,752.06 |

AND YOUR ACCOUNTANT CRAVES ALLOWANCE FOR
the following payments and disbursements:

Funeral Expenses, pursuant
to ITEM FIRST of Will:

| | | |
|---|---|---|
| March Funeral Home | $2,100.00 | |
| Total Funeral Expenses | | $2,100.00 |

Debts of Decedent:

| | | |
|---|---|---|
| Municipal Emps Credit Union - second mortgage/secured (satisfied pursuant to Paragraph 5 of Will) | $14,972.39 | |
| Municipal Emps Credit Union - Car Loan (satisfied pursuant to Paragraph 6 of Will) | 20,317.50 | |
| Chase Home Finan - First Mortgage/secured (satisfied pursuant to Paragraph 5 of Will) | 72,599.43 | |
| Estate Info Serv/Claim by Capital One | 1,520.98 | |
| Asset Acceptance/Claim by Encyclopaedia Brittanica | 1,522.07 | |
| BGE Home Prod/Claim | 2,018.40 | |
| Greater Balto Med Cent/ Claim for med serv | 1,273.45 | |
| Total Debts | | 114,224.22 |

Expenses of Administration:

| | |
|---|---|
| Register of Wills/ Probate Fee – Estate Between $500,000 - $750,000 | $750.00 |
| Register of Wills/Certif Mail | 37.12 |
| Daily Record/Publication | 113.00 |
| Hammer Insurance/PR Bond | 100.00 |
| Division of Vital Records | 36.00 |
| Liberty Mutual/Homeowners Ins | 887.00 |
| Geico/Car Ins | 83.80 |
| BGE | 265.61 |
| Stout Causey & Horning/ accounting fees | 1,200.00 |
| TJ Hi Tech Auto Body/ vehicle repairs | 500.00 |
| Direc of Finan/Water | 61.05 |
| Direc of Finan/prop tax | 2,039.39 |
| Director of Finance/ Lien Certificate | 25.00 |
| Director of Finance/ water bill | 61.49 |
| Clerk of Balto City Court/ Land Records Recording | 40.00 |
| Filing Fees | 207.50 |

Statutory Family Allowance,
 E&T Section 3-201, for
surviving minor child     2,500.00

Attorneys' Out-of-Pocket (copying,
 long distance, Westlaw research
 service, messenger)     412.20

  Total Expenses        9,319.16

 Total Funeral Expenses,
  Debts and Administration Expenses  $125,643.38


## RECAPITULATION

TOTAL GROSS ESTATE    $558,752.06

LESS:  Total Payments
 and Disbursements     125,643.38

  NET ESTATE     $433,108.68

AND WITH the following specific distributions
and inheritance tax:

UNTO **Melvin D. Wiggins**, son of Decedent

Pursuant to SECTION 5 of the Will:

   Real Property at
   5506 Belle Vista Avenue
   Baltimore City, MD    $142,520.00

Pursuant to SECTION 7.a of the Will:

   Tangible Personal Property   1,750.00

   Exempt from Inheritance Tax

    Total Distribution     $144,270.00

UNTO **J'Vaughn Gorham**, son of Decedent
pursuant to SECTION 6 of the Will

   Proceeds of Sale of 2005
   Buick Rendevous    $13,000.00

   Exempt from Inheritance Tax

    Total Distribution      13,000.00

    Total Distribution of Specific Bequests   $157,270.00

RECAPITULATION OF RESIDUARY ESTATE:

Net Estate    $433,108.68

Less Specific Bequests   157,270.00

Less:  Retention    50,000.00

   Residuary Estate to Distribute   $225,838.68

07235/0/00339216.WPDv1     6

AND WITH the following interim distributions of
the Residuary Estate and inheritance tax:

UNTO **Melvin D. Wiggins**, son of Decedent
Pursuant to SECTION 9.d [sic] of the Will:

      30% of Residuary Estate
      of $225,838.68
      Cash                     $67,751.60

      Exempt from Inheritance Tax

        Total Distribution               67,751.60

UNTO **J'VaughnGorham**, son of Decedent
Pursuant to SECTION 9.e [sic] of the Will:

      30% of Residuary Estate
      of $225,838.68
      Cash                     $67,751.60

      Exempt from Inheritance Tax

        Total Distribution               67,751.60

UNTO **Damond Tremmell Durant, Jr.,**
grandson of Decedent (distribution to
Damond Tremmell Durant, Sr., Custodian
Under UTMA pursuant to
SECTION 9.h [sic] of the Will)

      30% of Residuary Estate
      of $225,838.68
      Cash                     $67,751.60

      Exempt from Inheritance Tax

        Total Distribution               67,751.60

UNTO **Geraldine Constantine**, sister of Decedent

Pursuant to SECTION 9.g [sic] of the Will:

| | | |
|---|---|---|
| 10% of Residuary Estate of $225,838.68 Cash | $22,583.88 | |
| Exempt from Inheritance Tax | | |
| Total Distribution | | 22,583.88 |
| Total Interim Distributions | | $225,838.68 |

TOTAL ESTATE ACCOUNTED FOR:

| | |
|---|---|
| Total Payments and Disbursements | $125,643.38 |
| Specific Distributions | 157,270.00 |
| Interim Distributions | 225,838.68 |
| Inheritance Tax Payments | 0.00 |
| | $508,752.06 |
| RETENTION – Pending resolution of Decedent's outstanding Federal and State taxes due and satisfaction of accountants' and attorney's fees | 50,000.00 |
| TOTAL ESTATE ACCOUNTED FOR | $558,752.06 |

<u>VERIFICATION</u>

I do solemnly affirm under the penalties of perjury that the contents of the forgoing First Administration Account of Gertrude C. Bartel, Personal Representative of the Estate of Janice Denise Montgomery, Deceased, are true and complete to the best of my knowledge, information and belief, and that notice of the filing of this Account has been given to all interested persons in accordance with the provisions of Section 7-301 of the Estates and Trusts Article of the Annotated Code of Maryland, and in accordance with the provisions of Sections 7-302 and 7-303 of the Estates and Trusts Article, as the case may be, and that I have complied with the provisions of Maryland Rule 6-417.

Dated: 1/23/08

Gertrude C. Bartel
Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, Maryland  21202-3201
410-752-6030

Personal Representative

## CERTIFICATE OF SERVICE

I hereby certify that on the _23rd_ day of _January_, 2008, notice was served on all interested persons (listed below) who have not waived notice. The notice stated that: (1) a verified First Administration Account has been filed; (2) the recipient may file exceptions with the Court within twenty (20) days from the Court's Order approving the Account; (3) further information can be obtained by reviewing the estate file in the Office of the Register of Wills or by contacting the Personal Representative or the attorney for the estate; (4) upon request, the Personal Representative shall furnish a copy of the Account to any person who is given notice; and (5) distribution under the Account, if appropriate, will be made within thirty (30) days after the Order of Court approving the Account becomes final:

### INTERESTED PERSONS

Melvin D. Wiggins, Jr.
5506 Belle Vista Avenue
Baltimore, MD 21206

Damond Tremmel Durant, Jr.
c/o Damond T. Durant, Custodian
7605 Oakbridge Drive
Baltimore, MD 21244

Janice Simone Montgomery
c/o Raye R. Jackson, Guardian
4623 Greenhill Avenue
Baltimore, MD 21206

J'Vaughn Gorham
5506 Belle Vista Avenue
Baltimore, MD 21206

Geraldine Constantine
7 Torlina Court, Apt. F
Gwynn Oak, MD 21207

Gertrude C. Bartel
Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202-3201
410-752-6030

Personal Representative

07235/0/00339216.WPDv1                           10

# EXHIBIT  D

IN THE ORPHANS' COURT

FOR

BALTIMORE CITY, MARYLAND

IN THE MATTER OF

THE ESTATE OF                                    ESTATE NUMBER 79757

JANICE DENICE MONTGOMERY,

    Decedent

**************************************************************************

## O R D E R

Upon the foregoing proposed First Administration Account, it is this __1st__ day of __February__, 2008, by the Orphans' Court for Baltimore City,

**ORDERED** that the aforementioned Account is approved, subject to exceptions being filed within twenty (20) days from the date this order is docketed by the Register of Wills, at which time this Order shall become final.

**Lewyn Scott Garrett**
**Associate Judge**
**The Judge's Signature Appears**
**On The Original Document Only.**

DATE DOCKETED __2/1/08__

# EXHIBIT  E

LAW OFFICES

# KRAMON & GRAHAM, P. A.

ONE SOUTH STREET

SUITE 2600

**BALTIMORE, MARYLAND 21202-3201**

TELEPHONE: (410) 752-6030

FACSIMILE: (410) 539-1269

www.kramonandgraham.com

GERTRUDE C. BARTEL

ALSO ADMITTED IN DC

E-MAIL
gbartel@kg-law.com
DIRECT FACSIMILE
(410) 361-8203

February 28, 2008

Mr. Damond T. Durant, Sr., Custodian
  for Damond T. Durant, Jr.
7605 Oakbridge Drive
Baltimore, Maryland  21244

<u>Re:  Estate of Janice Denise Montgomery</u>

Dear Mr. Durant:

Enclosed is a check in the amount of $67,751.60 representing the share of your minor son, Damond T. Durant, Jr., of an interim distribution of his grandmother, Janice Montgomery's, Residuary Estate.

Please do not hesitate to call me if you have any questions regarding the ongoing probate of the estate or this distribution.

Very truly yours,

Gertrude C. Bartel

GCB:mcr
Enclosure

07235/0/00368049.WPDvI

ESTATE OF JANICE DENISE MONTGOMERY
C/O KRAMON & GRAHAM PA
ONE SOUTH ST., STE. 2600
BALTIMORE, MD 21202-3291

1016

15-3/540 285

DATE 2/27/2008

PAY TO THE ORDER OF Melvin O. Wiggins $ 67,751.60-

Sixty-Seven Thousand Seven Hundred Fifty-one and 60/100 DOLLARS

PNC BANK
PNC Bank, N.A.   040
Maryland

FOR Distrib - 1st Acct

⑈0010l6⑈ ⑈054000030⑈ 550002237.2⑈

---

ESTATE OF JANICE DENISE MONTGOMERY
C/O KRAMON & GRAHAM PA
ONE SOUTH ST., STE. 2600
BALTIMORE, MD 21202-3291

1017

15-3/640 285

DATE 2/27/2008

PAY TO THE ORDER OF Damond T. Durant, Sr, Custodian for Damond T. Durant, Jr. $ 67,751.60-

Sixty-Seven Thousand Seven Hundred Fifty-one and 60/100 DOLLARS

PNC BANK
PNC Bank, N.A.   060
Maryland

FOR Distribution - 1st acct

⑈0010l7⑈ ⑈054000030⑈ 550002237.2⑈

---

ESTATE OF JANICE DENISE MONTGOMERY
C/O KRAMON & GRAHAM PA
ONE SOUTH ST., STE. 2600
BALTIMORE, MD 21202-3291

1018

15-3/540 285

DATE 2/27/2008

PAY TO THE ORDER OF Geraldine Constantine $ 22,583.88-

Twenty-Two Thousand Five Hundred Eighty-Three and 88/100 DOLLARS

PNC BANK
PNC Bank, N.A.   040
Maryland

FOR Distrib - 1st acct

⑈0010l8⑈ ⑈054000030⑈ 550002237.2⑈

# EXHIBIT  F

IN THE MATTER OF THE     *    BEFORE THE

ESTATE OF     *    REGISTER OF WILLS FOR

JANICE DENISE MONTGOMERY     *    BALTIMORE CITY

    *    Estate No. 79757

    *    DOD:  04/29/2007

\* \* \* \* \* \* \* \* \* \* \*

## THE SECOND AND FINAL ADMINISTRATION ACCOUNT OF
## GERTRUDE C. BARTEL, PERSONAL REPRESENTATIVE OF THE
## ESTATE OF JANICE DENISE MONTGOMERY, DECEASED


**YOUR ACCOUNTANT CHARGES HERSELF**
with the retained assets reported by her on the
Second Administration Account reporting
for the period through December 31, 2007

Retention                                                  <u>$50,000.00</u>


**AND WITH THE RECEIPT**
of the following income:

| | |
|---|---|
| Refund of Federal Income Taxes | $139.00 |
| Refund of MD Income Taxes | 168.00 |
| Economic Stimulus Payment | <u>378.00</u> |
| Total Income | <u>$  685.00</u> |

TOTAL ESTATE TO BE ACCOUNTED FOR:

| | |
|---|---|
| Retention | $50,000.00 |
| Income | 685.00 |
| TOTAL ESTATE | $50,685.00 |

AND YOUR ACCOUNTANT CRAVES ALLOWANCE FOR
the following payments and disbursements:

Expenses of Administration:

| | |
|---|---|
| Chase Home Finance | $   20.00 |
| PNC Bank/purchase checks | 21.99 |
| Stout Causey & Horning/ accounting fees | 2,480.00 |
| Attorneys' Out-of-Pocket (copying, long distance, Westlaw research service, messenger) | 99.18 |
| Personal Representative's Commissions (per Order of Court dated_____,2008) | 21,219.73 |
| Total Expenses | $23,840.90 |

RECAPITULATION

TOTAL GROSS ESTATE                  $50,685.00

LESS:  Total Disbursements            23,840.90

       NET ESTATE                   $26,844.10


AND WITH the following distributions of
the Residuary Estate and inheritance tax:

UNTO **Melvin D. Wiggins**, son of Decedent
Pursuant to SECTION 9.d [sic] of the Will:

      30% of Residuary Estate
      of $26,844.10
      Cash                          $8,053.23

      Exempt from Inheritance Tax

         Total Distribution                        $8,053.23

UNTO **J'VaughnGorham**, son of Decedent
Pursuant to SECTION 9.e [sic] of the Will:

      30% of Residuary Estate
      of $ 26,844.10
      Cash                          $8,053.23

      Exempt from Inheritance Tax

         Total Distribution                        8,053.23

UNTO **Damond Tremmell Durant, Jr.**,
grandson of Decedent (distribution to
Damond Tremmell Durant, Sr., Custodian
Under UTMA pursuant to
SECTION 9.h [sic] of the Will)

|  |  |  |
|---|---|---|
| 30% of Residuary Estate of $26,844.10 Cash | $8,053.23 | |
| Exempt from Inheritance Tax | | |
| Total Distribution | | 8,053.23 |

UNTO **Geraldine Constantine**, sister of Decedent

Pursuant to SECTION 9.g [sic] of the Will:

|  |  |  |
|---|---|---|
| 10% of Residuary Estate of $26,844.10 Cash | $2,684.41 | |
| Exempt from Inheritance Tax | | |
| Total Distribution | | 2,684.41 |
| Total Distributions | | $26,844.10 |

TOTAL ESTATE ACCOUNTED FOR:

| | |
|---|---|
| Total Disbursements | $23,840.90 |
| Distributions | 26,844.10 |
| Inheritance Tax Payments | 0.00 |
| TOTAL ESTATE ACCOUNTED FOR | $50,685.00 |

07235/0/00403991.WPDv1                              4

VERIFICATION

I do solemnly affirm under the penalties of perjury that the contents of the forgoing Second and Final Administration Account of Gertrude C. Bartel, Personal Representative of the Estate of Janice Denise Montgomery, Deceased, are true and complete to the best of my knowledge, information and belief, and that notice of the filing of this Account has been given to all interested persons in accordance with the provisions of Section 7-301 of the Estates and Trusts Article of the Annotated Code of Maryland, and in accordance with the provisions of Sections 7-302 and 7-303 of the Estates and Trusts Article, as the case may be, and that I have complied with the provisions of Maryland Rule 6-417.

Dated: 7/25/08

Gertrude C. Bartel
Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, Maryland  21202-3201
410-752-6030

Personal Representative

07235/0/00403991.WPDv1

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of Jul_____, 2008, notice was served on all interested persons (listed below) who have not waived notice. The notice stated that: (1) a verified Second and Final Administration Account has been filed; (2) the recipient may file exceptions with the Court within twenty (20) days from the Court's Order approving the Account; (3) further information can be obtained by reviewing the estate file in the Office of the Register of Wills or by contacting the Personal Representative or the attorney for the estate; (4) upon request, the Personal Representative shall furnish a copy of the Account to any person who is given notice; and (5) distribution under the Account, if appropriate, will be made within thirty (30) days after the Order of Court approving the Account becomes final:

### INTERESTED PERSONS

Melvin D. Wiggins, Jr.
5506 Belle Vista Avenue
Baltimore, MD 21206

Damond Tremmell Durant, Jr.
c/o Damond T. Durant, Custodian
7605 Oakbridge Drive
Baltimore, MD 21244

Janice Simone Montgomery
c/o Geraldine Constantine, guardian
7 Torlina Court, Apt. F
Gwynn Oak, MD 21207

J'Vaughn Gorham
5506 Belle Vista Avenue
Baltimore, MD 21206

Geraldine Constantine
7 Torlina Court, Apt. F
Gwynn Oak, MD 21207

Gertrude C. Bartel
Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202-3201
410-752-6030

Personal Representative

# EXHIBIT  G

IN THE ORPHANS' COURT

FOR

BALTIMORE CITY, MARYLAND

IN THE MATTER OF

THE ESTATE OF                                    ESTATE NUMBER 79757

JANICE DENISE MONTGOMERY

      Decedent

**************************************************************************

**O R D E R**

Upon the foregoing proposed Second and Final Administration Account, it is this ___4th___ day of August, 2008, by the Orphans' Court for Baltimore City,

**ORDERED** that the aforementioned Account is approved, subject to exceptions being filed within twenty (20) days from the date this order is docketed by the Register of Wills, at which time this Order shall become final.

Lewyn Scott Garrett
Associate Judge
The Judge's Signature Appears
On The Original Document <u>Only.</u>

DATE DOCKETED   8-05-08

EXHIBIT  H

LAW OFFICES

# KRAMON & GRAHAM, P. A.

ONE SOUTH STREET

SUITE 2600

BALTIMORE, MARYLAND 21202-3201

TELEPHONE: (410) 752-6030

FACSIMILE: (410) 539-1269

www.kramonandgraham.com

GERTRUDE C. BARTEL

ALSO ADMITTED IN DC

E-MAIL
gbartel@kg-law.com

DIRECT FACSIMILE
(410) 361-8203

September 2, 2008

Mr. Damond T. Durant, Sr., Custodian
  for Damond T. Durant, Jr.
7605 Oakbridge Drive
Baltimore, Maryland 21244

RE:    Estate of Janice Denise Montgomery
       Before the Register of Wills for Baltimore City, Maryland
       Estate No.: 79757

Dear Mr. Durant:

Enclosed is a check in the amount of $8,053.23 representing the share of your minor son, Damond T. Durant, Jr., of the final distribution from the Residuary Estate of his grandmother, Janice Montgomery.

Please do not hesitate to call me if you have any questions regarding this distribution.

Very truly yours,

Gertrude C. Bartel

GCB:mcr
Enclosure

07235/0/00425636.WPDv1

ESTATE OF JANICE DENISE MONTGOMERY
C/O KRAMON & GRAHAM PA
ONE SOUTH ST., STE. 2600
BALTIMORE, MD 21202-3291

1005

19-3-285
540

DATE 8/29/2008

PAY TO THE
ORDER OF _Samuel Edward, Sr. Custodian for Edward Edward Jr._ | $ 8,053.23

_Eight Thousand Fifty - Three and 23/100_ _____ DOLLARS

**PNC BANK**
PNC Bank, N.A.    040
Maryland

FOR _Final distribution_

⑈00⑈0005⑈ ⑆054000030⑈ 55000 2237 2⑈

EXHIBIT  2

IN THE CIRCUIT COURT
FOR BALTIMORE CITY

DAMOND T. DURANT, JR.         *

                                       *

        Plaintiff,          *

      v.                        *     Case No. 24-C-15-000246

DAMOND T. DURANT, SR.     *
c/o Baltimore City Police Department
Southern District              *
10 Cherry Hill Road
Baltimore, Maryland  21225,   *

        Defendant.       *

*    *    *    *    *    *    *    *    *    *    *    *

## AFFIDAVIT OF DAMOND T. DURANT, JR.

I, Damond T. Durant, Jr., am over eighteen years of age, am competent to testify, and have personal knowledge of the following facts:

1.    My grandmother was Janice Denise Montgomery.  I lived with her throughout my childhood.  She died in 2007 when I was 14 years old.

2.    When the money from my grandmother's estate was distributed, I was living with my father.  He was a Baltimore City Police Officer, and is still on the force.

3.    I knew that my grandmother had left me a large amount of money, and that my father controlled what happened my inheritance until I turned 21

years old. In particular, in 2008, my father showed me a check for approximately $68,000 from the Personal Representative of my grandmother's Estate that he received as the custodian of my inheritance.

4.     From time to time, I asked my father for access to some of the money. Each time I asked, he responded that he was not legally allowed to give me the money. For example, after I got my driver's license, I asked him whether I could use some of my inheritance to buy a used car. He said, "I can't touch it."

5.     During my years of living with my father, he bought multiple new cars and a new motorcycle for himself. He and his girlfriend (now his wife) took trips to Hawai'i, Puerto Rico, and Cancun, Mexico. It seemed to me that he was spending more than he could make in salary at his job. However, on the occasions that I asked for money from my inheritance, he consistently maintained that he did not have access to it, and that I could only use the money once I turned 21.

6.     While living with my father, I attended Baltimore Polytechnic High School and graduated in 2010.

7.     After I graduated, my father refused to let me use the money from my inheritance to pay for college tuition. I had applied to several colleges, including the University of Maryland at College Park and Syracuse University. Without the money from my grandmother, I decided to go to Catonsville

Community College until I turned 21. However, my father also refused to fill out the FAFSA form that is required to secure a student loan. Because of that, I was unable to go to college at all.

8. I moved out of my father's house when I was 20 years old. I rented a room at a boarding house and worked at the Wawa convenience store. I expected that when I turned 21, I could access the money to get my own place and start going to college.

9. I had no contact with my father between the time I moved out and my 21st birthday. On that day, I contacted him about the money. He said that the money was gone, and told me, "Do what you got to do." He gave me $100 for my birthday.

10. Following the realization that my father had stolen my money, and that my future plans were ruined, I was shocked and saddened. Eventually, I began to suffer from chronic depression and schizophrenia. I heard voices tell me to kill myself, and became suicidal. I was unable to work, and was homeless for five months, living at the Code Blue shelter.

11. My mother pulled me out of the shelter and checked me into the hospital. I had to stay in the psychiatric ward for two weeks until the voices stopped.

12.     After I left the hospital, I lived in an assisted living group home and received food stamps.  When I was able to reestablish myself and get a cellular phone, I attempted to contact my father again about my inheritance.  He said, "I don't have it."  He sent me $80.  That is the last contact I have had with him.

13.     Around this time, my mother informed me that my father had received a second check, as my custodian, from my grandmother's Personal Representative for approximately $8,000.


Under the penalty of perjury, I swear and affirm that the foregoing is true and correct.


Dated: December __3__, 2015                    _____
                                               Damond T. Durant, Jr.

IN THE CIRCUIT COURT
FOR BALTIMORE CITY

DAMOND T. DURANT, JR.      *

                                     *

      Plaintiff,              *

    v.                       *      Case No. 24-C-15-000246

DAMOND T. DURANT, SR.      *
c/o Baltimore City Police Department
Southern District                 *
10 Cherry Hill Road
Baltimore, Maryland  21225,      *

      Defendant.          *

*   *   *   *   *   *   *   *   *   *   *   *

## ORDER

Upon consideration of the Request for Entry of Default Judgment filed by the Plaintiff, Damond Durant, Jr., and the accompanying affidavits and exhibits, any opposition filed, the record in this case, and the applicable law, it is this

_____ day of _____ 2015,

ORDERED that Plaintiff Damond Durant, Jr.'s Request for Entry of Default Judgment be, and hereby is, GRANTED; and it is further

ORDERED that judgment be, and hereby is, entered in favor of Plaintiff Damond Durant, Jr., and against Defendant Damond Durant, Sr., in the amount of:

(a) $67,751.60 plus pre-judgment interest at the rate of 6% from February 28, 2008 through the date of this Order, and at the rate of 10% thereafter; and

(b) $8,053.23 plus prejudgment interest at the rate of 6% from September 2, 2008 through the date of this Order, and at the rate of 10% thereafter

(c) any outstanding court costs; and it is further

ORDERED that a hearing to determine the amount of non-economic and punitive damages is hereby scheduled for _____; and it is further

ORDERED that the Clerk transmit copies of this Order to the parties.

_____
Judge, Circuit Court for Baltimore City