IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF MARYLAND
**Baltimore Division**

| | | |
|---|---|---|
| IN RE: | * | Chapter 7 |
| DAMOND DURANT | | |
| SHARAE DURANT | | **Case No.: 17-20232** |
| **Debtors'** | * | |
| DAMOND DURANT, JR. | | |
| **Plaintiff** | * | |
| Vs. | * | Adver No.: 17−00350 |
| DAMOND T. DURANT, SR. | * | |
| **Defendant** | * | |

### LINE REQUESTING ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS UNOPPOSED

NOW COMES, Damond Durant, Jr., ("Plaintiff") by his undersigned counsel and moves this Court to enter an Order Granting Plaintiff's December 19, 201 Motion for Summary Judgment and for reasons state:

1. On December 19, 2017, Plaintiff filed his Renewed Motion for Summary Judgment (the "Motion").

2. Contemporaneously, the Motion was served on counsel for the Defendant.

3. Pursuant to Loc. R. 9013-1(b)(3), Defendant's response was due no later fourteen (14) days from the date on which it was served.

4. It has been thirty (30) days and the Defendant has failed to defend or otherwise respond to the Motion.

5. Summary judgment is not a "disfavored procedural shortcut," but an important mechanism for filtering out "claims and defenses [that] have no factual basis." Celotex, 477 U.S. at 327, 106 S. Ct. at 2555. "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323, 106 S. Ct. at 2552.

6. It is within the ambit of this Court's discretion to grant the Motion without a hearing. See <u>Scott v. Health Net Fed. Servs., LLC,</u> 463 F. App'x 206, 209 (4th Cir. 2012) ("There is no requirement that a ruling on a motion for summary judgment be preceded by a hearing."); <u>Coakley & Williams Constr., Inc. v. Structrual Concrete Equip., Inc</u>., 973 F.2d 349, 351-52 (4th Cir. 1992) (holding that decision to grant summary judgment without hearing is within discretion of courts). Rather, the **[b]ankruptcy court may, if a party fails to address another party's assertion of fact, "consider the fact undisputed for purposes of the motion," or "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it."** FED R. CIV. P. 56(e); see also <u>In re Manhattan Woods Golf Club, Inc.,</u> 192 B.R. 80, 84-85 (Bankr. S.D.N.Y. 1996) (dismissing claims without a hearing where bankruptcy court found no genuine issues of material fact); *In re Dobbs,* Bankruptcy No. 08-72469-ast, 2009 WL 789402, at *2 (Bankr. E.D.N.Y. Mar. 13, 2009) (bankruptcy court decided on motions for summary judgment without holding a hearing).

7. Judicial economy would by entering an Order granting summary judgment to Plaintiff.

WHEREFORE, Plaintiff respectfully request judgement in his favor and such other and further relief as may be deemed just and proper.

Respectfully Submitted,

/s/ Kim Parker

_____

Kim Parker, Esquire
Federal Bar No.: 23894
THE LAW OFFICES OF KIM PARKER, P.A.
2123 Maryland Avenue
Baltimore, Maryland 21218
410-234-2621
E: kp@kimparkerlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of January 2018, Line was served on Jeffery Sirody, Esq., Counsel for Defendant via the Court's ECF Filing system.

/s/ Kim Parker

_____
**KIM PARKER**