IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF MARYLAND
**Baltimore Division**

| | | |
|---|---|---|
| IN RE: | * | Chapter 7 |
| DAMOND DURANT | | |
| SHARAE DURANT | | Case No.: 17-20232 |
| **Debtors** | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

DAMOND DURANT, JR.                    *

                                             Adver No.: 17−00350

    **Plaintiff**                                       *

Vs.                                                          *

DAMOND T. DURANT, SR.              *

    **Defendant**
\* \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OF LAW**

Comes now Damond Durant ("Defendant"), by undersigned counsel, and hereby file this Memorandum and states as follows:

A default judgment only creates a liability. Defendant does not question that the incurred a liability to Plaintiff. But the issue in this case is not liability. It is whether there was fraud which requires establishment of specific intent. As articulated in *In re Reecher*, 514 B.R. 136 (Bankr. D. Md. 2014):

> "In Maryland a default judgment is considered more akin to an admission of liability than to a punitive sanction." Hayden v. Bullinger, 350 Md. 452, 472 (1998). See also Hopkins v. Easton Nat'l Bank, 171 Md. 130, 134 (1936); Pacific Mortgage & Inv. Group, Ltd. v. Horn, 100 Md. App. 311, 332 (1994); Gotham Hotels, Ltd. v. Owl Club, Inc., 26 Md. App. 158, 173 (1975). Maryland has adopted a four-part test to determine whether collateral estoppel should apply to a judgment: 1. Was the issue decided in the prior adjudication identical with the one presented in the action in question? 2. Was there a final judgment on the merits? 3. Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? 4. Was the party against whom the plea is asserted

given a fair opportunity to be heard on the issue? Colandrea v. Wilde Lake Community Association, 361 Md. 371, 391 (2000) (citing Washington Suburban Sanitary Commission v. TKU Associates, 281 Md. 1, 18-19 (1977).

   In applying this test to default judgments, the determination usually rests on whether the judgment was actually litigated. ***This requirement is met when (as is the case here) a defendant files an answer or appears in the matter***, (emphasis added) the issues are considered by a jury or finder of fact, the defendant had notice and an opportunity to argue on its behalf, and the defendant had an incentive to litigate the matter in the prior proceeding and reasonably foresee litigation on the same issue. Nestorio v. Assocs. Commercial Corp. (In re Nestorio), 250 B.R. 50, 56 (D. Md. 2000).

The Defendant did not participate in any way in the State Court matter. To apply preclusive effect to the default judgment would not only overturn well established precedent but open a Pandora's Box of offensive and defensive estoppel arguments, essentially removing default judgments from this Court's purview.

Date: March 16, 2018

Respectfully,
              */s/Jeffrey M. Sirody*
              Jeffrey M. Sirody, Bar ID #11715
              JEFFREY M. SIRODY & ASSOCIATES
              1777 Reisterstown Road, Suite 360
              Baltimore, MD 21208
              (410) 415-0445
              Attorney for Debtor/Defendant

**CERTIFICATE OF MAILING**

   I HEREBY CERTIFY that on this, March 16, 2018 I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing and attached Memorandum of Law will be served electronically by the Court's CM/ECF system on the following:

Hugh M. (UST) Bernstein  hugh.m.bernstein@usdoj.gov
Brian A. Goldman
Kim D.
US Trustee - Baltimore  USTPRegion04.BA.ECF@USDOJ.GOV

                */s/ Jeffrey M. Sirody*,
                Jeffrey M. Sirody, Esquire